UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE THOMAS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DR. MARKS, *et. al.*,<br><br>　　　　　　　Defendants. | Case No. 3:23-CV-00131-ART-CLB<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND DENYING AS MOOT MOTION FOR CLARIFICATION**<br><br>[ECF Nos. 17, 19] |

　　　　Before the Court is Plaintiff Eddie Thomas's ("Thomas") first amended complaint. (ECF No. 17.) In response to the filing, Defendants Myles Etcheberry, Erin Parks, and Dr. Dana Marks (collectively referred to as "Defendants") filed a motion for clarification or alternatively, a motion to strike in part the first amended complaint. (ECF No. 19.) For the reasons discussed below, Thomas's first amended complaint, (ECF No. 17), is stricken, and the motion for clarification, (ECF No. 19), is denied as moot.

**I.　　BACKGROUND**

　　　　Thomas is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Southern Desert Correctional Center. On March 24, 2023, Thomas initiated this action by filing an application to proceed *in forma pauperis* ("IFP") and a civil rights complaint based on an incident that occurred when he was housed at the Lovelock Correctional Center ("LCC"). (ECF Nos. 1, 1-1, 7.)

　　　　On October 18, 2023, the District Court screened Thomas's complaint pursuant to 28 U.S.C. § 1915A and allowed Thomas to proceed on a single Eighth Amendment claim based on deliberate indifference to serious medical needs against Defendants Marks, Pushton, Parks, Etcheberry, Austin, and John Doe. (ECF No. 6.) The Court dismissed with prejudice claims for conspiracy, intentional infliction of emotion distress, equal protection, and negligence, and dismissed with prejudice Defendants State of Nevada, Utilization Review Panel, and Sergeant Odea. (*Id.*)

Following screening, the action was stayed for 90-days to allow the parties an opportunity to participate in an Inmate Early Mediation Conference ("IEM") and potentially settle this case. (ECF No. 10.) The parties participated in the IEM on December 19, 2023, but ultimately a settlement was not reached. (*Id.*)

Following the IEM, the Court granted Thomas's IFP application and ordered service of the complaint. (ECF No. 12.) Additionally, the Court ordered that if the Office of the Attorney General accepted service on behalf of any of the named defendants, then the answer to the complaint was due by March 18, 2024. (*Id.*) On February 8, 2024, the Office of the Attorney General filed their notice of acceptance of service on behalf of Defendants Etcheberry, Parks, and Marks, but did not accept service on behalf of Defendant Rushton. (ECF No. 13.)

On February 14, 2024, Thomas filed the instant first amended complaint, ("FAC"), (ECF No. 17), along with another motion to proceed IFP, (ECF No. 16). The Court denied the newly filed IFP as moot because Thomas had already been granted IFP status. (ECF No. 18.) On March 7, 2024, Defendants file their motion for clarification or alternatively a motion to strike in part the first amended complaint. (ECF No. 19.) The motion seeks clarification as to whether Defendants should respond to the original complaint or the FAC. (*Id.*) On March 18, 2024, Defendants filed an answer to the original complaint. (ECF No. 20.)

**II.     DISCUSSION**

Thomas's FAC states that he is asking to amend his complaint because his financial certificate for his IFP application was not filed by LCC staff. (ECF No. 17 at 2.) Next, Thomas provides what appears to be a brief summary of his original complaint. (*Id.* at 3.) Thomas then includes several attachments including IFP information, financial certificates, (*Id.* at 6-21), and several discovery related documents, such as requests for admissions, interrogatories, and requests for production of documents, (*Id.* at 23-39). Thus, having reviewed the FAC, it does not appear to the Court that Thomas intended to amend his complaint, but rather to file additional IFP documents and discovery requests.

However, this is improper, and the filing will be stricken.

First, the Court's General Order regarding procedural rules for non-habeas civil inmate filings states that it is not necessary to attach exhibits to a complaint, and rather, the complaint must sufficiently state the facts and clams without reference to exhibits. GO 2021-05 § 2(b). Additionally, the General Order states that any post-screening motion to amend a complaint must comply with the requirements of Fed. R. Civ. P. 15(a) and Local Rule 15-1(a). GO 2021-05 § 2(g). As to Thomas's discovery requests, these were also improperly filed as discovery-related documents must be <u>served</u> on the affected party, not <u>filed</u> on the docket, unless ordered by the Court. Local Rule 26-7; Fed. R. Civ. P. 5(d)(1). No such order has been entered in this case.

Finally, to the extent Thomas did wish to amend his complaint, as currently pled, the FAC fails to state colorable claims because the allegations are vague and conclusory and fail to allege facts sufficient to establish personal participation by several defendants. A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For all these reasons, Thomas's FAC, (ECF No. 17), is improper and is stricken. In light of the Court striking the FAC, Defendants' motion for clarification, (ECF No. 19), is denied as moot.

### III.   CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Thomas's FAC (ECF No. 17) is **STRICKEN.**

**IT IS FURTHER ORDERED** that the original complaint, (ECF No. 7), and

screening order (ECF No. 6), remain operative in this case.

**IT IS FURTHER ORDERED** that Defendants' motion for clarification, (ECF No. 19), is **DENIED as moot**.

**DATED**: March 20, 2024   .

_____
**UNITED STATES MAGISTRATE JUDGE**