# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE THOMAS,<br><br>     Plaintiff,<br><br>v.<br><br>DR. MARKS, *et. al.*,<br><br>     Defendants. | Case No. 3:23-CV-00131-ART-CLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[ECF No. 29] |

Before the Court is Plaintiff Eddie Thomas's ("Thomas") motion for leave to file an amended complaint, along with a proposed amended complaint. (ECF Nos. 29, 29-1.) Defendants Myles Etcheberry, Erin Parks, and Dr. Dana Marks (collectively referred to as "Defendants") opposed the motion, (ECF No. 32), and Thomas replied, (ECF No. 33). For the reasons discussed below, Thomas's motion for leave to file an amended complaint, (ECF No. 29), is denied.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Thomas is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Southern Desert Correctional Center ("SDCC"). On March 24, 2023, Thomas initiated this action by filing an application to proceed in forma pauperis ("IFP") and a civil rights complaint based on an incident that occurred when he was housed at the Lovelock Correctional Center ("LCC"). (ECF Nos. 1, 1-1, 7.)

On October 18, 2023, the District Court screened Thomas's complaint pursuant to 28 U.S.C. § 1915A and allowed Thomas to proceed on a single Eighth Amendment claim based on deliberate indifference to serious medical needs against Defendants Marks, Pushton, Parks, Etcheberry, Austin, and John Doe. (ECF No. 6.) The Court dismissed with prejudice claims for conspiracy, intentional infliction of emotional distress, equal protection, and negligence, and dismissed with prejudice Defendants State of Nevada, Utilization Review Panel, and Sergeant Odea. (*Id.*)

Following screening, the action was stayed for 90-days to allow the parties an opportunity to participate in an Inmate Early Mediation Conference ("IEM") and potentially settle this case. (ECF No. 10.) The parties participated in the IEM on December 19, 2023, but ultimately a settlement was not reached. (*Id.*)

Following the IEM, the Court granted Thomas's IFP application and ordered service of the complaint. (ECF No. 12.) Additionally, the Court ordered that if the Office of the Attorney General accepted service on behalf of any of the named defendants, then the answer to the complaint was due by March 18, 2024. (*Id.*) On February 8, 2024, the Office of the Attorney General filed their notice of acceptance of service on behalf of Defendants Etcheberry, Parks, and Marks, but did not accept service on behalf of Defendant Rushton. (ECF No. 13.)

On February 14, 2024, Thomas filed a first amended complaint, ("FAC"), (ECF No. 17), along with another motion to proceed IFP, (ECF No. 16). The Court denied the newly filed IFP as moot because Thomas had already been granted IFP status. (ECF No. 18.) On March 7, 2024, Defendants file their motion for clarification or alternatively a motion to strike in part the first amended complaint. (ECF No. 19.) The motion sought clarification as to whether Defendants should respond to the original complaint or the FAC. (*Id.*) On March 18, 2024, Defendants filed an answer to the original complaint. (ECF No. 20.) The Court found that Thomas's FAC was improper, striking it from the record, and denied Defendants' motion for clarification as moot. (ECF No. 21.)

Following a case management conference, the Court entered a scheduling order and discovery plan, and set the deadline to amend pleadings by June 16, 2024. (ECF Nos. 24, 25.) On May 29, 2024, Thomas filed a motion to amend. (ECF No. 27.) However, Thomas failed to comply with the Local Rules concerning amended complaints, in that he did not file a standalone motion for leave to amend, but rather filed a proposed amended complaint that included a request to amend. Thus, the Court denied the motion for failure to comply with the Local Rules. (ECF No. 28.) On June 6, 2024, Thomas filed the instant motion to amend. (ECF No. 29.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

///

///

### III. DISCUSSION

As discussed above, on May 29, 2024, Thomas sought to amend his complaint for the first time because "[i]n order to evade the Defendants intent to rely on an affirmative defense based on a failure to exhaust administrative remedies… he has now complied and exhaust[ed] the administrative remedies." (ECF No. 27 at 2-3.) This Court denied Thomas's motion because of Thomas's failure to comply with this Court's Local Rule 15-1(a), requiring a standalone motion to file an amended complaint that is also accompanied by a standalone complaint. (ECF No. 28 at 1-2.) Notably, this Court warned Thomas about its concern that he only sought to amend his complaint to cure a crucial deficiency in his case—his failure to exhaust. (*Id.* at 2.) This Court explained to Thomas that the Prison Litigation Reform Act ("PLRA") mandates that prisoners must exhaust their administrative remedies prior to filing suit, not while the suit is pending. Thus, if Thomas did not exhaust his available administrative remedies before filing the instant suit, that deficiency could not be cured by filing an amended complaint. (*Id.*)

Despite this Court's prior order, Thomas again seeks to amend his complaint; however, it does not appear he has made any substantive changes to his complaint, such as adding claims and/or defendants. (ECF No. 29-1.) Instead, it appears Thomas is attempting to show that he has exhausted his administrative remedies. (*Id.*; ECF No. 33.) Defendants oppose the motion, arguing Thomas's amended complaint appears to be an attempt to cure his failure to exhaust administrative remedies as required by the PLRA prior to initiating this action. (ECF No. 32.)

Having reviewed Thomas's proposed amended pleading, the Court finds that the bulk of the *Desertrain* factors weigh against allowing amendment, and, therefore, the Court concludes that amendment is improper, and accordingly, Thomas's motion is denied.

///
///
///

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Thomas's motion for leave to file an amended complaint (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that the original complaint, (ECF No. 7), screening order (ECF No. 6), and scheduling order, (ECF No. 25), remain operative in this case.

**DATED**: July 9, 2024        .

_____
**UNITED STATES MAGISTRATE JUDGE**